O’Gorman, J.
This is a demurrer to the plaintiff’s complaint, on the ground, among others, that it does not set forth facts which constitute a cause of action against the defendant, McGrath, who demurs on his own behalf alone.
The plaintiff is a domestic corporation, duly incorporated under chapter 267 of the Laws of 1875, entitled “An act for the incorporation of societies or clubs for certain lawful purposes.” It is alleged in the complaint that the demurrant, McGrath, was lawfully elected a trustee of-the plaintiff corporation, which possessed property of the value of $50,000; it is also alleged that the demurrant subsequently ceased to be such trustee, and that another person was elected in his place, and. now occupies that place under the authority of the plaintiff.
The chief question at issue is whether, on the facts as set forth in the complaint, there is sufficient to show that the demurrant was rightfully dispossessed of this office to which he had been lawfully elected. For the purpose of this contention, all the facts set forth in the complaint, and well pleaded, are admitted to be true; no such rule, however, attaches to conclusions of law.
The cardinal facts are these: It was provided by the plaintiff’s by-laws that members of the plaintiff’s corporation are only those persons who are members of certain “local assemblies” of an association called “The Order of Knights of Labor of America,” who were or thereafter might be under the jurisdiction of district assembly 49 of said order, and in good standing according to the constitution, by-laws, rules, edicts, usages, etc., of that order, as the same now are or hereafter may be—and no other person shall be a member of the plaintiff corporation.
This order of Knights of Labor was and is an unincorpo *211 rated voluntary society, governed by its own by-laws and customs, always provided, however, that the same are not repugnant to the laws of the land and the principles of natural justice. These local assemblies were inferior and subordinate to the above named district assembly No. 49.
It was required by the act of the legislature above referred ■ to, that the trustees of the plaintiff corporation should be members of the corporation (section 4).
One of the plaintiff’s by-laws provides that its trustees shall be elected by the delegates from the local asemblies of the Knights of Labor, which shall be under jurisdiction of said district assembly No. 49.
In January, 1888, the demurrant was duly elected one of the trustees of the plaintiff corporation, and thereupon entered upon the performance of his duties as such trustee. In September, 1888, an election was had to fill the office of trustee previously held by the demurrant, on the ground that, his office was vacant because of his “ voluntary withdrawal ” from membership of the plaintiff corporation, and another person was elected in his stead, who has since then acted as trustee with the sanction and under the authority of the plaintiff corporation.
The “voluntary withdrawal” from membership is provided for in section 3 of the act of the legislature referred to, which section is as follows: “The membership of any person in said society or corporation shall be determined by his death, or by his voluntary withdrawal therefrom, or by expulsion therefrom, and the manner of such withdrawal or expulsion of members shall be determined and provided by the by-laws of said corporation, and, upon such death, withdrawal or expulsion, all and every right, title and interest of the person whose membership is so determined in or to the said corporation by reason of his former membership therein, or in, or to its property or effects, shall at once cease and be forever at an end.”
The manner and process of reasoning by which the plaintiff seeks to apply these provisions to the case are these: The demurrant McGrath was, when elected, a member of local assembly 5407 of the knights of labor. This local assembly fell afterwards under the censure of an officer of the knights of labor, called district master workman-of district assembly 49, on account of some alleged insubordination and contumacy of this local assembly as against him, in which insubordination the demurrant' individually is not alleged to have taken any part. The result was that, according to the by-laws, etc., of the order of knights of labor, this local assembly 5407 was removed from the jurisdiction of said District Assembly, No. 49. One of the plaintiff’s by-laws provides that the removal of the local assembly to which a member belongs from the *212 jurisdiction of district assembly 4-9, however that be accomplished, etc., is equivalent to a voluntary withdrawal of all membership from the plaintiff corporation. Upon the validity and legal effect of this by-law, the plaintiff’s success in this litigation depends.
In fact, the demurrant has been removed from membership without any special fault proved, or even charged, against him, in spite of his protest that he is, and desires to remain, a member of the corporation, and to exercise the rights and powers of the office of trustee, to which he ¡has been elected.
To assert that this was a “voluntary withdrawal” seems a contradiction in terms, and is, in my opinion, a mere -evasion of the statute under which this plaintiff corporation was created. That statute provides for three ways in which membership in the corporation may be determined:
First. The death of the member.
Second. His voluntary withdrawal from the corporation.
Third. His expulsion.
These three events are each distinct and separate from the other.
“Voluntary withdrawal” cannot, by any reasonable use •of language, mean “expulsion” and vice versa. “Voluntary withdrawal ” must be wholly the member’s own free act. “Expulsion” cannot be the voluntary act of the member, but necessarily must be hostile to him and against his will. Where one state of things exists the other cannot.
The effort of the by-law of the plaintiff society to make ■one equivalent to the other is an attempt to defeat and frustrate the plain provision and intent of the law, to which attempt a court of equity could not give its countenance or aid. The expulsion of the demurrant on the facts would have been a flagrant violation of the principles of natural justice.
His alleged incapacity to act as trustee is predicated only ■on the theory that he voluntarily withdrew from membership in the plaintiff corporation. ¡No facts set forth in the complaint support such a conclusioti. On the contrary, it •does appear that he still asserts his title to the office of trustee. The demurrant was, in fact, expelled from membership in the plaintiff corporation against his will and protest, with, the attendant loss of enjoyment of the franchise and privileges which his membership afforded. Loubat v. Leroy, 15 Abb. N. C., 20.
He was also expelled from the important and responsible ■office of trustee to which he had been duly elected. Under section 8 of the act referred to, this responsibility extended to personal liability for debts incurred by the corporation while he continued to be trustee, and it might perhaps be *213 claimed that, in this instance, that liability of the demur-rant continued during all the term for which he was elected. His expulsion was in each instance without fault of his. Ho charge was made against him individually, no notice was given to him of any charge, if it had been made, and no opportunity was given to enable him to defend himself.
These are conditions necessary to warrant the expulsion of a member of an unincorporated society. Lafond v. Deems, 81 N. Y., 514; Austin v. Searing, 16 id., 123, 124; People v. Medical Society, 32 id., 194.
Courts of equity are averse to interference in the internal contentions of such societies, and prefer to leave them to be governed by such rules as the members have agreed to be bound by. But this freedom from judicial interference depends on their abstinence from any proceedings which may violate the principles of natural justice; and it is a principle of natural justice that no man shall be deprived of any franchise or position of value or responsibility without a fair trial and ample opportunity to be heard in his defense. Loubat v. Leroy, supra, 21, 23, 33. Certainly in such violations of the law the court will not give its aid and exercise its mandatory powers in behalf of the offender.
For these reasons I am of the opinion that the complaint does not set forth facts sufficient to warrant the issuing of the injunction against the defendant, McQ-rath, or to sustain this action against him. I have treated the complaint thus far as if all the material allegations therein had been allegations of fact and not conclusions of law; a closer examination shows that, in some instances, material allegations are only conclusions of law which are not admitted by the demurrer.
The attitude of demurrant in this contention is somewhat different from that of the other defendants, and depends on facts which apply to him alone. The ground of demurrer that causes of action have been improperly united seems to me well taken. The demurrer is sustained, with costs.